Argued at Pendleton October 27, reversed and remanded with directions, November 16, 1920.

# STATE v. KLEIN.

(193 Pac. 208.)

**Animals—Killing to Prevent Trespass Does not Prove Wanton or Malicious Killing.**

1. Evidence that accused shot and killed the cow of another because she was breaking into his hay corral does not prove that the killing was malicious and wanton, as defined by Sections 2396, 2398, L. O. L., so as to justify his conviction under Section 1969, but is merely proof of civil liability under Section 5767.

From Harney: DALTON BIGGS, Judge.

In Banc.

The defendant was indicted by a grand jury for the crime of wantonly and maliciously killing a cow, the property of another. The defendant entered a plea of not guilty and a trial was had resulting in a verdict of guilty, upon which the defendant was subsequently sentenced to a term in the penitentiary, from which judgment he prosecutes this appeal.

REVERSED AND REMANDED.

For appellant there was a brief and an oral argument by *Mr. H. V. Schmalz.*

For the State there was a brief over the names of *Mr. Geo. S. Sizemore,* District Attorney, *Mr. F. E. Swope* and *Mr. L. A. Liljqvist,* Assistant Attorney General, with an oral argument by *Mr. Liljqvist.*

BENSON, J.—The indictment is founded upon Section 1969, L. O. L., making it a crime to "maliciously or wantonly kill, wound, disfigure, or injure any animal, the property of another * * ." The only evidence disclosed by the record, connecting the

On right to kill trespassing animals, see notes in 1 **Ann. Cas.** 193; 16 Ann. Cas. 951; Ann. Cas. 1913C, 970.

defendant with the killing of the cow, is found in the testimony of the witness, Barth, who testifies that on the evening of April 13, 1919, at about 9 o'clock, he heard a shot fired from the direction of defendant's premises, and that on the next day he met the defendant and asked him what he was shooting at the previous night, to which the defendant replied that he had shot at a cow which was trying to break into his hay corral. Witness then asked, "Did you kill her?" to which the defendant replied, "No, but believe me, she run, and she never stopped running." This testimony coupled with the fact that the dead cow was subsequently found lying upon defendant's land, constitutes the substantive case against him. There is no evidence that the defendant entertained any hostility toward the owner of the animal, nor is there any evidence that he had any knowledge whatever as to the ownership of the cow. The evidence introduced by the prosecution, so far as it tends to prove the killing of the cow, also tends to prove that he shot the animal because it was trespassing upon his land, and trying to break into his hay corral. It is conceded that before there can be a conviction under Section 1969, L. O. L., there must be proof adduced that the acts of the defendant were either malicious or wanton. Section 2396, L. O. L., reads thus:

"The terms, 'malice' and 'maliciously,' when so employed, import a wish to vex, annoy, or injure another person, established either by proof or presumption of law."

Tested by this definition, it will be seen at once that there is a total failure of proof as to any malicious motive in the alleged killing.

Section 2398, L. O. L., defines the term "wantonly" thus:

"The term, 'wantonly' when applied to the commission of an act, implies that the act was done with a purpose to injure or destroy without cause and without reference to any particular person."

Hence, if the defendant shot the cow because she was trying to break into his hay corral, it cannot be said to have been without cause, or a wanton act. It seems clear that the legislature recognized this distinction when it enacted Section 5767, L. O. L., being a part of the chapter on fences, which reads thus:

"If any person damaged for want of such sufficient fence shall hurt, lame, kill, or destroy, or cause the same to be done, by shooting or otherwise, any of the animals in this chapter mentioned, such persons shall satisfy the owner in double damages, with costs."

This section provides a penalty by way of civil damages for acts whose commission had not been guarded against by the Criminal Code.

The judgment is therefore reversed, and the cause will be remanded, with directions to the lower court to dismiss the action and discharge the defendant.

REVERSED AND REMANDED WITH DIRECTIONS.